UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORNELIUS SINGLETON,

v.                              Case No. 8:21-cr-224-VMC-AAS
                                        8:25-cv-1335-VMC-AAS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Cornelius Singleton's pro se construed 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. ## 338 & 343), which was filed initially on January 9, 2024, and again on June 17, 2024. The United States of America responded on April 25, 2024, and October 30, 2024. (Civ. Doc. # 2; Crim. Doc. ## 342 & 349). Mr. Singleton failed to file a reply. For the reasons that follow, the Motion is dismissed as procedurally barred.

I.    **Background**

On July 13, 2021, Mr. Singleton was indicted on two counts: laundering or attempting to launder monetary instruments from specified unlawful activity in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2 (Count One), and laundering or attempting to launder monetary instruments from

1

specified unlawful activity in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2 (Count Two). (Crim. Doc. # 16). His first jury trial resulted in a mistrial. (Crim. Doc. # 126). After his second jury trial, at which Mr. Singleton represented himself, Mr. Singleton was convicted of both counts on April 15, 2022. (Crim. Doc. # 177). On November 4, 2022, the Court sentenced Mr. Singleton to 165 months' imprisonment. (Crim. Doc. # 265, 266).

Mr. Singleton filed a construed notice of appeal on November 14, 2022. (Crim. Doc. # 297). But the Eleventh Circuit dismissed his appeal for want of prosecution on January 19, 2023. (Crim. Doc. # 317). Mr. Singleton did not petition for a writ of certiorari.

Mr. Singleton has filed numerous pro se motions with the Court, even after he filed his direct appeal. On January 9, 2024, Mr. Singleton filed a Motion labelled "Demand for Dismissal of Judgment." (Crim. Doc. # 338). Months later, on June 17, 2024, Mr. Singleton filed another identical Motion. (Crim. Doc. # 343).

Because these two identical Motions challenged Mr. Singleton's conviction, the Court entered a Castro warning on August 29, 2024, warning Mr. Singleton that the Court intended to construe the Motions as a single construed 2255 Motion.

2

(Crim. Doc. # 348). The Court directed Mr. Singleton to advise the Court by September 30, 2024, whether he sought to proceed on the claims in his construed 2255 Motion, or amend his construed 2255 Motion, or withdraw his Motion. (Id. at 2-3). The Court cautioned Mr. Singleton that "if he fails to file a timely response in compliance with this order, which requires that he advise the Court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims in his original [Motions]." (Id. at 3).

Mr. Singleton failed to respond to the Castro warning, so the Court has construed his Motions as a single 2255 Motion and opened this civil case with that construed Motion. The United States has responded to the Motion (Civ. Doc. # 2; Crim. Doc. ## 342 & 349), and Mr. Singleton has failed to reply. The construed 2255 Motion is now ripe for review.

## II.  Discussion

### A.  Timeliness

As an initial matter, the United States argues that Mr. Singleton's Motion should be dismissed as untimely. (Civ. Doc. # 2 at 3, 5). The Court disagrees.

"The [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] established a one-year statute of limitations

3

applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" <u>Ramirez v. United States</u>, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "[W]hen a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari." <u>Kaufmann v. United States</u>, 282 F.3d 1336, 1338 (11th Cir. 2002).

Judgment was entered in this case in November 2022. (Crim. Doc. # 266). Mr. Singleton appealed (Crim. Doc. # 297), but his appeal was dismissed for want of prosecution on January 19, 2023. (Crim. Doc. # 317). Mr. Singleton did not petition for a writ of certiorari. Thus, Mr. Singleton's judgment of conviction became final on April 19, 2023 — 90 days after the Eleventh Circuit dismissed his direct appeal of the judgment. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on April 20, 2024.[1] <u>Salley v. United States</u>, No.

---

[1] The Court notes that, after filing his appeal of the judgment of conviction, Mr. Singleton continued to file various motions before the Court. The Court denied one such pro se "motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)" (Crim. Doc. # 321), which did not raise any arguments concerning speedy trial, on September 1, 2023. <u>See</u> (Crim. Doc. # 322) ("ENDORSED ORDER denying Motion to Dismiss. (Doc. # 321). The Federal Rules of Civil Procedure govern

8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023).

"Under the prison mailbox rule, a pro se prisoner's filing is deemed filed on the date the prisoner delivers it to prison authorities for mailing." Johnson v. Burke Cnty. Det. Ctr., No. 21-13373-A, 2023 WL 2662912, at *1 (11th Cir. Jan. 31, 2023). Mr. Singleton filed the first Motion on January 9, 2024, according to the date on the mailing envelope. See (Crim. Doc. # 338-1) (reflecting that Mr. Singleton's initial undated Motion was mailed on January 9, 2024). True, Mr. Singleton later filed his identical second Motion on June 17, 2024. (Civ. Doc. # 1-2 at 2; Crim. Doc. # 343 at 2). Still, the operative date for timeliness purposes is the date of the original Motion: January 9, 2024, which is within the one-year deadline. Thus, this construed 2255 Motion is timely.

---

civil proceedings and are thus not applicable to Mr. Singleton's criminal case."). Mr. Singleton appealed the denial of that motion to dismiss (Crim. Doc. # 323), but the Eleventh Circuit dismissed that appeal for want of prosecution on November 1, 2023. (Crim. Doc. # 333). However, because this appeal was not an appeal of his judgment of conviction (that appeal had already been dismissed), the deadline for filing a 2255 motion is not calculated from the denial of this later appeal.

**B.    <u>Procedural Default</u>**

Next, the Court addresses the issue of procedural default. Mr. Singleton's only argument raised with sufficient detail relates to the Speedy Trial Act. (Civ. Doc. # 1 at 1-2); see <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate entitlement to habeas relief). He writes: "Cornelius Singleton has been waiting to go to trial since the unlawfull [sic] arrest of June 14, 2021, due to the fact trial never took place until March 2022. Elapsed time in violation of the Act." (<u>Id.</u>).

The United States is correct that such claim is procedurally barred because Mr. Singleton could have raised the argument that his speedy trial rights were violated on direct appeal. (Civ. Doc. # 2 at 4); see <u>Jerome v. United States</u>, 643 F. App'x 951, 952 (11th Cir. 2016) ("Jerome could have raised by pretrial motion and on direct appeal his arguments that he was denied a speedy trial."). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Lynn v. United</u>

States, 365 F.3d 1225, 1234 (11th Cir. 2004). Mr. Singleton's appeal of his judgment of conviction was dismissed for want of prosecution. (Crim. Doc. # 317). Thus, Mr. Singleton's failure to prosecute an appeal in which he could have raised the speedy trial issue "is a procedural default and a procedural bar to his attempt to raise that issue again here" in his construed 2255 Motion. See, e.g., Reed v. United States, No. 1:07-cr-19-1WLS, 2009 WL 3617758, at *5 (M.D. Ga. Oct. 28, 2009) ("Reed's failure to prosecute his appeal on the career offender issue and the resultant guideline sentence range enhancement, which he raised in his objections to the PSI, is a procedural default and a procedural bar to his attempt to raise that issue again here in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255."); McKay v. United States, No. CR 1:19-00041-WS-N, 2023 WL 2232020, at *3 (S.D. Ala. Feb. 1, 2023) ("McKay directly appealed his sentence and conviction to the Eleventh Circuit; however, his appeal was dismissed for failure to prosecute. Thus, because McKay did not raise the arguments presented in his § 2255 motion on direct appeal when provided the opportunity to do so, those arguments are procedurally defaulted here."), report and recommendation adopted, No. CR 1:19-00041-WS-N, 2023 WL 2224426 (S.D. Ala. Feb. 24, 2023);

Coble v. United States, No. CR 1:15-00285-KD-B, 2019 WL
7038266, at *7 (S.D. Ala. Dec. 20, 2019) ("[T]he claim that
the return of the indictment violated his right to a speedy
trial [is] procedurally defaulted because he did not raise
them in a direct appeal.").

Mr. Singleton has raised no argument why this procedural
default should be excused. Because he has raised no argument
to establish either of the exceptions to the procedural
default rule, the Court cannot conclude that either exception
applies here. See Lynn, 365 F.3d at 1234 ("A defendant can
avoid a procedural bar only by establishing one of the two
exceptions to the procedural default rule. Under the first
exception, a defendant must show cause for not raising the
claim of error on direct appeal *and* actual prejudice from the
alleged error. Under the second exception, a court may allow
a defendant to proceed with a § 2255 motion despite his
failure to show cause for procedural default if a
constitutional violation has probably resulted in the
conviction of one who is actually innocent." (citations and
internal quotation marks omitted)); Korcz v. United States,
No. 2:19-cr-00193-RDP-JHE, 2023 WL 2998483, at *8 (N.D. Ala.
Apr. 18, 2023) ("As a threshold matter, the court notes
Petitioner did not address procedural default or cause and

prejudice in her motion. That alone is enough to dispose of any challenge under this exception because Petitioner bears the burden of proof and has not met it."). Thus, the construed 2255 Motion is dismissed as procedurally barred.

### C.  **Merits**

Alternatively, even if it were not procedurally barred, Mr. Singleton's speedy trial argument fails on the merits. Mr. Singleton bears the burden of proving that he is entitled to relief under Section 2255. Rivers v. United States, 777 F.3d 1304, 1316 (11th Cir. 2015).

A declaration of a mistrial "reset[s] the trial clock to zero." United States v. Neal, 27 F.3d 1035, 1042 (5th Cir. 1994). Under 18 U.S.C. § 3161(e), a retrial following a mistrial must begin "within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). "Any delay resulting from a continuance granted to the defendant is excluded from the computation of time if, after considering the factors set forth in subsection § 3161(h)(7)(B), the district court finds a continuance serves 'the ends of justice.' 18 U.S.C. § 3161(h)(7)(A)." Miller v. United States, No. CR 18-00035-JB-MU-1, 2024 WL 5348581, at *8 (S.D. Ala. Dec. 27, 2024), report and recommendation

adopted, No. CR 18-00035-JB-MU-1, 2025 WL 266642 (S.D. Ala. Jan. 22, 2025).

Mr. Singleton has raised arguments regarding the Speedy Trial Act before this Court in the past. Specifically, after his second trial but before he was sentenced, Mr. Singleton filed at least two motions to dismiss the indictment based on alleged speedy trial violations. (Crim. Doc. ## 182, 218). The United States responded to those Motions in depth, explaining the timeline of the case and that all the time leading up to trial was excludable from the speedy trial calculation. (Crim. Doc. ## 199, 232). Indeed, in its response to Mr. Singleton's first motion raising a speedy trial challenge post-verdict, the United States outlined the history as follows:

> The defendant moves this Court to dismiss his indictment (with prejudice) pursuant to the Speedy Trial Act, (Doc. # 182), but there was no speedy trial violation in this case. The defendant was indicted on July 13, 2021, and the indictment was returned in open court the same day. (Doc. # 16). The defendant was arraigned on the indictment and pleaded not guilty on August 4, 2021. (Doc. # 24). His attorney at the time (attorney Susy Ribero-Ayala) moved to withdraw from the case on August 6, 2021. (Doc. # 26). Following a hearing on the motion to withdraw 19 days later on August 25, 2021, the Court granted the motion to withdraw. (Doc. # 32). Seventy days from the arraignment on August 4, 2021, see 18 U.S.C. § 3161(c)(1), plus 19 days to be excluded from the speedy trial calculation while the motion to withdraw was pending, see 18 U.S.C.

§ 3161(h)(1)(D), brought the day by which the trial
of the defendant should commence to November 1,
2021. However, prior to that date, newly appointed
counsel for the defendant (attorney Grady Irvin)
filed a motion to continue on October 8, 2021, (Doc.
# 40), filed a motion for reconsideration of the
detention order on October 21, 2021, (Doc. # 51),
and filed a "waiver of speedy trial through January
31, 2022" on October 25, 2021, (Doc. # 54), and the
Court granted the defendant's continuance request,
making the necessary findings, and set the case for
trial in December 2021. (Doc. # 55).

On November 22, 2021, after making the
necessary findings, the Court granted the
defendant's motion to continue his trial to the
January 2022 trial term. (Doc. # 69). On December
9, 2022, after making the necessary findings, the
Court granted the defendant's motion to continue
the trial to the February 2022 trial term, and his
first trial commenced on February 28, 2022. (Doc.
## 74, 114).

The defendant's first trial ended in a
mistrial on March 4, 2022. (Doc. # 126). His second
trial began 38 days later on April 11, 2022. (Doc.
# 166). The defendant was convicted of both counts
of the indictment on April 15, 2022. (Doc. # 177).

(Crim. Doc. # 199 at 2-3).

After reviewing the merits of Mr. Singleton's prior

motions raising speedy trial challenges, the Court denied

those motions. (Crim. Doc. ## 221, 238). The Court wrote in

relevant part: "As the government outlined, all delays in the

case were attributable to the defendant and excluded from the

speedy trial calculation. As Defendant has not identified a

speedy trial violation, the motion is denied." (Crim. Doc. # 221).

Nothing in Mr. Singleton's construed 2255 Motion alters the Court's prior conclusion that the Speedy Trial Act was not violated in this case. There was no speedy trial violation leading up to Mr. Singleton's first trial. Mr. Singleton's trial term for his first trial was continued at Mr. Singleton's request or was delayed by motions filed by Mr. Singleton such that the time these motions were pending was excluded from the speedy trial calculation. For example, at the December 9, 2021, status conference, Mr. Singleton — through his then-counsel — moved to continue the trial to the February 2022 trial term and waived speedy trial through March 31, 2022. (Crim. Doc. ## 73, 75). The Court found that the ends of justice were served by such continuance to the February 2022 trial term. (Crim. Doc. # 74). In accordance with that order, Mr. Singleton's first trial began on February 28, 2022. (Crim. Doc. # 114). Thus, Mr. Singleton's first trial began before the date through which he had waived speedy trial (March 31, 2022).

Nor was there a speedy trial violation following the mistrial. As mentioned before, Mr. Singleton's first trial ended in a mistrial on March 4, 2022. (Crim. Doc. # 126). His

second jury trial began on April 11, 2022 (Crim. Doc. # 166) — within 70 days of the mistrial as required by 18 U.S.C. § 3161(e). See 18 U.S.C. § 3161(e) ("If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.").

Therefore, Mr. Singleton has not established that he is entitled to relief on this claim. The Motion is alternatively denied for this reason.

## III. **Evidentiary Hearing**

As the Court readily determined that Mr. Singleton's Motion was procedurally barred and lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

IV. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Mr. Singleton has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Singleton to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Singleton shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Cornelius Singleton's pro se construed 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. ## 338 & 343) is **DISMISSED** as procedurally barred.

(2) The Clerk is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u>

day of September, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE